IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jess R. Burdine, et al.,                        Case No. 3:09CV1026

           Plaintiffs

           v.                                             ORDER

Franklin W. Kaiser, et al.,

           Defendants

       This is a § 1983 action brought by Craig Burdine's estate. Plaintiffs allege that Burdine died while in the custody of the Sandusky County Sheriff's Department and the Fremont Police Department.

       Jurisdiction is proper under 28 U.S.C. § 1331.

       Pending is defendant Captain Richard Cook's motion to dismiss [Doc. 56] and defendants Chief Deputy Bruce Hirt and Major Thomas Fligor's motion for judgment on the pleadings [Doc. 57]. For the reasons discussed below, the motions shall be granted.

**Background**

       Craig Burdine died after law enforcement officers arrested and detained him on August 11, 2007.

On May 4, 2009, plaintiffs sued Sandusky County, Sandusky Sheriff's Deputies, the city of Fremont, Fremont Police Officers, and Sandusky County Emergency Medical Services employees. The complaint alleges two § 1983 claims and two Ohio law claims, one for negligence and one for gross negligence.

Plaintiffs amended their complaint on February 16, 2010, to add three defendants: Chief Deputy Hirt and Major Fligor, both of the Sandusky County Sheriff's department, and Captain Cook of the Fremont police department.

## Standard of Review

I analyze a Rule 12(c) motion for judgment on the pleadings on the same standard of review as a Rule 12(b)(6) motion for dismissal. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.   ,   , 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *supra*, 129 S. Ct. at 1949 (citing *Twombly*, *supra*, 550 U.S. at 557) (internal quotation omitted).

I must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, 129 S.Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

When considering a 12(b)(6) motion, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

**Discussion**

Defendants Cook, Hirt and Fligor argue the amended complaint is untimely and does not relate back under Rule 15(c) of the Federal Rules of Civil Procedure.

Plaintiffs highlight the imputed knowledge doctrine, alleging defendants should have had notice of the proceedings because the city and county for whom they work were original defendants.

For § 1983 claims, the statute of limitations is two years. *Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997). In Ohio, plaintiffs must also bring negligence claims within two years. *Love v. City of Port Clinton*, 37 Ohio St. 3d 98, 98 (1988).

Plaintiffs' alleged injury occurred on August 11, 2007. The statute of limitations therefore ran on August 11, 2009. To avoid any issues of timeliness, plaintiffs should have filed

the amendment before August 11, 2009, or it must relate back to the filing of the original complaint under Rule 15 of the Federal Rules of Civil Procedure.[1]

Rule 15(c)(1)(C)(i), citing Rule 4(m), describes circumstances in which an amendment relates back to an original filing. The rule provides for changing the name of a defendant within the summons time period. It further provides that the potential defendant must have notice of the action. *Id*. The party must also know, or should have known, that the plaintiff, "but for a mistake concerning the proper party's identity," would have brought the action against him or her. Fed. R. Civ. P 15(c)(1)(C)(ii).

Unless plaintiff made a mistake regarding a party's identity, the applicable statute of limitations still governs the deadline by which the plaintiff must file any amendment. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996).

A party's mistake about a wrongdoer's identity might, for example, be a misnomer or a true case of mistaken identity. In the Sixth Circuit, however, "lack of knowledge pertaining to an intended defendant's identity does not constitute a 'mistake concerning the party's identity' within the meaning of Rule 15(c)." *Moore v. State of Tenn.*, 267 F. App'x 450, 455 (6th Cir. 2008) (unpublished disposition) (citing *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Our Circuit would thus agree with the Second Circuit in *Johnson v. Constantellis*, 221 F. App'x 48, 50 (2nd Cir. 2007), that mistakes, for purposes of keeping an otherwise untimely joined party in a case, do not result "from [] lack of knowledge of the officers' identity."

---

[1] Plaintiffs also argue that because they complied with my scheduling order, the statute of limitations should not apply. However, scheduling orders do not toll statutes of limitations. There is "no authority to support the conclusion that compliance with a scheduling order immunizes an amendment against a statute of limitations defense." *Clark v. Hawkins*, 41 F.3d 664, 664 n.8 (5th Cir. 1994).

Plaintiff might correct a misnomer if he or she knows "generally what party A does while misunderstanding the roles that party A and party B played in the conduct, transaction, or occurrence giving rise to [his or] her claim." *Krupski v. Costa Crociere S.P.A.*, 560 U.S.   ,   , 2010 WL 2243705, *7 (internal quotations omitted).[2]

The Sixth Circuit, furthermore, does not consider adding new parties as correcting mistaken identity under Rule 15(c). *Cox*, *supra*, 75 F.3d at 240. Even "[s]ubstituting a named defendant for a 'John Doe' defendant is considered a change in parties" and thus would not relate back. *Id*.

Plaintiffs rely on an imputed knowledge exception to this rule, mentioned in *Cox*, and explained more thoroughly in *Berndt v. State of Tenn.*, 796 F.2d 879 (6th Cir. 1986). In *Berndt*, a *pro se* plaintiff sued the state and a state-supported mental health institution. Remanding so plaintiff could seek to add additional defendants, the court noted that whether the statute of limitations might bar adding certain parties "no doubt be considered on remand." *Id*. at 883. The

---

[2] The Court in *Krupski* addressed a situation where a plaintiff knew of two parties, and sued the wrong one. The Court held that a plaintiff's knowledge of the proper party's existence did not preclude the plaintiff from making a "mistake" under Rule 15(c)(1)(C)(ii). 2010 WL 2243705, *7. The Court explained that a "deliberate but mistaken choice" to sue one party instead of another, thus "does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied." *Id.*

That is not this case. Unlike *Krupski*, the plaintiff's problem here is not that she knew the parties' identities and simply failed to sue the correct one. Here, instead, plaintiff did not know the identity of Cook, Hirt and Fligor until after the statute of limitations ran. Plaintiff therefore did not have all the requisite information to sue the correct party absent an understanding of the law's specification of whom to sue. In *Krupski*, in contrast, plaintiff had that knowledge, and the Supreme Court's resolution of her case does not affect plaintiff's here.

Plaintiff's amended complaint asserting claims against these three defendants, thus, still suffers from the defect that failure to sue within the limitations period was based on a lack of knowledge, which the Sixth Circuit holds is not a mistake. *See Moore*, *supra*, 267 F. App'x at 455; *Cox*, *supra*, 75 F.3d at 240.

5

court in *Berndt* assumed that, when the new party is an employee of an already named defendant, the plaintiff has fulfilled the notice requirement of Rule 15 relation back. *Id*. at 884.

A distinction may be drawn, however, between the notice requirement of Rule 15(c)(1)(C)(i) and the mistake requirement of Rule 15(c)(1)(C)(ii). Even if the parties had notice that plaintiffs might sue them, adding them relates back only if they know that it was due to a mistake that they were not sued. The imputed knowledge doctrine does not therefore help plaintiffs maneuver around the statute of limitations for these defendants.

The court in *Berndt* furthermore cautioned explicitly "that although the above [including the imputed knowledge discussion] are appropriate considerations for the district court, they are only guides." *Id*.[3]

Given that plaintiffs admit not discovering the identity of these parties until after formal discovery, they necessarily concede that failure to add these parties earlier results from a lack of knowledge about their identities rather than a mistake. *See Moore*, *supra*, 267 F. App'x at 455; *Cox*, *supra*, 75 F.3d at 240. Because the proposed amendment reflects a prior lack of knowledge, it does not arise from mistake and cannot relate back to the original complaint. *Johnson*, *supra*, 221 F. App'x at 50.

Plaintiffs' reliance on the imputed knowledge doctrine is also unavailing. Even if defendants knew or should have known that plaintiff could have sued them (the notice component of relation back), they have not shown any mistake.

---

[3] Because the court in *Berndt* was engaged in preemptive analysis, it, moreover, only mentioned the possibility of such an exception without explicitly endorsing its use. 796 F.2d at 884.

Any amendment thus remains subject to the two-year statute of limitations that expired on August 11, 2009. Because plaintiffs filed the amended complaint on February 16, 2010, I therefore dismiss all claims against Hirt, Fligor and Cook as untimely.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendants' motion to dismiss [Doc. 56] and motion for judgment on the pleadings [Doc. 57] are, and the same hereby are granted.

So ordered.

s/James G. Carr
U.S. District Judge
